OPINION
PER CURIAM.
Elliott Bailey appeals the District Court’s order dismissing his complaint for lack of subject-matter jurisdiction. For the reasons below, we will affirm.
In July 2008, Bailey filed a complaint alleging that in 2004, the City of Philadelphia and the Pension Board had refused to release money and benefits that he had earned during nineteen years of service. He argued that this was a violation of the Fourteenth Amendment. The City filed a motion to dismiss, arguing that Bailey had failed to state a claim because he only presented “a vague conclusion that his Fourteenth Amendment rights have been violated.” The District Court construed Bailey’s response as an amended complaint and denied the motion to dismiss as moot.
In his amended complaint, Bailey alleged that the Pension Board had denied his claim of a job-related injury but withheld his earned compensation. The City filed a motion to dismiss and again argued that Bailey had failed to state a claim because there were no allegations that would support a claim against the City. The District Court granted the motion to dismiss but allowed Bailey thirty days to amend his complaint. It noted that Bailey alleged only that the City owed him money and had not provided a factual basis for his claim.
Bailey then filed a second amended complaint stating that there was no mention of forfeiture of vacation and sick time when he was hired. He also asserted that no one contacted him to inform him that he had forfeited his benefits and he had not received notice in writing of the forfeiture. The City again filed a motion to dismiss, arguing that Bailey had failed to set forth a basis for federal jurisdiction. The City argued in the alternative that Bailey had failed to state a claim. The District Court determined that Bailey had not shown a basis for federal jurisdiction and granted the motion to dismiss. Bailey filed a notice of appeal.
We have jurisdiction under 28 U.S.C. § 1291. Our review of the District Court’s dismissal of Bailey’s complaint for lack of subject-matter jurisdiction is plenary. Growth Horizons, Inc. v. Delaware County, Pa., 983 F.2d 1277, 1280 (3d Cir.1993). A complaint by a pro se litigant is held to less stringent standards than one prepared by a lawyer. Erickson v. Pardus, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007). Because Bailey invoked the Fourteenth Amendment and alleged that the City had deprived him of his property without due process, the District Court had subject-matter jurisdiction over his claims.
*307 However, even viewing Bailey’s pleadings under the less stringent standards afforded to pro se litigants, we conclude that Bailey did not adequately allege a due process claim under the Fourteenth Amendment. Even after being given the opportunity to twice amend his complaint, Bailey failed to set forth sufficient facts to support a due process claim.
In order to demonstrate a violation of the right to procedural due process, a litigant must show (1) that the state deprived him of a protected interest in life, liberty, or property; and (2) that the deprivation occurred without due process of law. Burns v. PA Dept. of Correction, 544 F.3d 279 (3d Cir.2008). In addition, Bailey must have used any procedures available to challenge the deprivation, unless they were unavailable or inadequate. Alvin v. Suzuki, 227 F.3d 107, 116 (3d Cir.2000). “A due process violation ‘is not complete when the deprivation occurs; it is not complete unless and until the State fails to provide due process.’ If there is a process on the books that appears to provide due process, the plaintiff cannot skip that process and use the federal courts as a means to get back what he wants.” Id. (citation omitted). Bailey has not alleged that the City did not provide any process to challenge the denial of the benefits.
We agree "with the City that any amendment to the complaint would be futile. Claims brought pursuant to 42 U.S.C. § 1983 are subject to the state statute of limitations for personal injury actions. Wilson v. Garcia, 471 U.S. 261, 266-67, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985). In Pennsylvania, the statute of limitations for a personal injury action is two years. 42 Pa.C.S.A. § 5524. Bailey alleged that the City refused to pay him benefits in 2004, but he did not file his complaint until July 2008. Thus, his complaint was filed beyond the two-year statute of limitations for § 1983 claims.
For the above reasons, we will affirm the District Court’s May 26, 2009, order.